Case 4:19-cv-04314   Document 1-1   Filed on 11/01/19 in TXSD   Page 1 of 15

8/26/2019 5:07 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36290466
By: Hilda Yarn
Filed: 8/26/2019 5:07 PM

CAUSE NO.: _____

| | | |
|---|---|---|
| MIKE LAURENCE, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| vs. | § § | HARRIS COUNTY, TEXAS |
| LIBERTY MUTUAL and STATE FARM LLOYDS, | § § § | |
| | § | _____ JUDICIAL DISTRICT |
| Defendants. | § | |

# PLAINTIFFS' ORIGINAL PETITION WITH WRITTEN DISCOVERY

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, MIKE LAURENCE hereinafter called Plaintiff, complaining of and about LIBERTY MUTUAL and STATE FARM LLOYDS, hereinafter called Defendants, and for cause of action show unto the Court the following:

## DISCOVERY CONTROL PLAN LEVEL

1. MIKE LAURENCE, Plaintiff affirmatively pleads that she seeks only monetary relief no more than $75,000 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees, and intend that discovery be conducted under Discovery Level 2.

## PARTIES AND SERVICE

2. Plaintiff is an individual that owns real property in HARRIS County, Texas.

3. Defendants, LIBERTY MUTUAL and STATE FARM LLOYDS are insurance companies engaging in the business of insurance in the State of Texas. LIBERTY MUTUAL may be served with Corporation Service Company, 211 E. 7th St, Austin, Texas 78701-3218. STATE FARM LLOYDS may be served through Corporation Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218. Pursuant to Tex. R. Civ. P. 28, Plaintiff moves the Court to order Defendants to substitute their true names if different from the names stated herein.

**EXHIBIT A**

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action because Plaintiff seeks damages within the jurisdictional limits of this Court and because the causes of action asserted herein are not subject to exclusive jurisdiction in another Court.

5. This Court has jurisdiction over Defendants because these Defendants are insurance companies that engaging in the business of insurance in Texas, and Plaintiff's cause of action arose out of this Defendants' business activities in Texas.

6. Venue in **HARRIS** County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.002(a)(l) of the Texas Civil Practice and Remedies Code because a substantial part of the events or omissions giving rise to this lawsuit occurred in HARRIS County, Texas. Furthermore, venue is proper in HARRIS County, Texas because the insured property is in this county.

## FACTS

7. Plaintiff is the owner of a Texas Homeowner's Insurance policy (hereinafter referred to as "the Policy"), which as issued by Defendants.

8. Defendants sold and issued Plaintiff the Policy insuring the property against damages caused by hail, windstorm and other covered perils.

9. During the effective policy period, Plaintiff owned real property with improvements located at 3442 Morningside St, Porter, Texas 77365 located in **HARRIS** County, Texas (hereinafter referred to as the "Property").

10. During the effective policy period, the Property described above sustained severe damages to the roof due to the direct force of wind and hail. As a result, the inside of the Property sustained resulting water damage from storm created openings in the roof

11. Plaintiff duly notified Defendants of the damage sustained and asked that Defendants pay for the damages to the Property and other damages covered by the terms of the Policy.

12. Defendant State Farm then assigned Plaintiff Claim Nos. 53-1459-G84, 53-1512-G32, and 53-1512-H35, while Defendant Liberty Mutual assigned Plaintiff Claim Nos. HD-900-036124655-01 and HD-900-036124670 (hereinafter "the Claim") and assigned an adjuster, agent, representative of Defendants to perform a site inspection of the damages and evaluate and process the Claim.

13. Defendants improperly adjusted Plaintiff's claim and failed to conduct a reasonable and thorough investigation of the covered damages. Without limitation the report misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's home, as well as the amount of insurance coverage for Plaintiff's losses under the Policy. Defendants made these and other false representations to Plaintiff, either knowingly or recklessly. Defendants made these false representations with the intent that Plaintiff act in accordance with the misrepresentations. Plaintiff relied on their misrepresentations, including but not limited to, those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's property. Plaintiff has been damaged as a result of that reliance.

14. All inspections of Plaintiff's Property were brief, substandard and inadequate. The inspection report failed to include all the damages that were observed during the inspection and undervalued the damages and ultimately denied/underpaid the Claim. Despite the existence of obvious and easily identifiable damages, the report claimed there were minimal storm related damages and the condition of the roof was misrepresented as well as the cause of water intrusion and interior damages. Defendants' liability for the extension of further coverage and further payment was reasonably clear.

15. Plaintiff was entitled to receive benefits that were covered by the insurance policy. However, Defendants performed an outcome-oriented investigation of Plaintiff's Claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property. Defendants have delayed payment to Plaintiff for necessary and covered Property damages under the Policy. To date, Defendants have yet to make a full payment on the Claim.

16. Plaintiff was forced to hire his own representative to inspect and evaluate the obvious damages to the Property that Defendants deliberately ignored to avoid payment on the Claim. Additionally, as a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain an attorney to prosecute the claim for insurance benefits to which she is entitled.

17. Plaintiff's experience is not an isolated case. The wrongful acts and omissions Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regards to handling these types of claims. Defendants' entire claim process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

18. As set forth below, Defendants failed to comply with the Policy, the Texas Insurance Code and Texas law in handling Plaintiff's Claim by:

   a. Wrongfully denying Plaintiff's Claim for full repairs to the Property even though the Policy provides coverage for losses such as those Plaintiff is claiming;

   b. Underpaying some of Plaintiff's Claim by not providing full coverage for damages sustained to the Property;

   c. Improperly and inadequately scoping the damages to the Property during Defendants' investigation; and

   d. Continuing to delay in the payment of damages to the Property, including the roof and interior.

19. Additionally, Defendants breached their contractual obligation to Plaintiff by continuing to refuse to adequately compensate Plaintiff for the damages to the Property pursuant to the terms of the Policy. Notably, Defendants refused to pay for the proceeds of the Policy despite the fact pre-suit demand for payment in the amount sufficient to cover the damage to the Property was made.

20. Plaintiff complied with all obligations under the Policy, and all conditions precedent to recovery upon the Policy are satisfied.

21. Defendants continue to delay in the payment of the damages to the Property despite Plaintiff's request. Accordingly, Plaintiff has not been paid and/or paid in full for the damages to the Property.

22. As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain legal counsel to represent Plaintiff with respect to these causes of action.

## CAUSES OF ACTION

23. Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

## BREACH OF CONTRACT

24. Defendants had a contract of insurance with Plaintiff. Defendants breached the terms of that contract by wrongfully denying and/or underpaying the Claim and Plaintiff was damaged thereby.

25. Due to Defendants' breach of the contract terms and continual denial/underpayment of this Claim, Plaintiff continues to sustain damages to his Property.

26. Defendants' breach proximately caused Plaintiff's injuries and damages.

27. Plaintiff has been required by the actions of Defendants to retain the services of

undersigned counsel and have agreed to pay undersigned counsel reasonable attorney's fees.

## **UNFAIR SETTLEMENT PRACTICES or DECEPTIVE ACTS OR PRACTICES**

28. Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

29. Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

30. Defendants are liable for their unfair and deceptive acts as defined by TEX. INS. CODE §541.002.

31. Defendants violated TEX. INS. CODE §541.060(a) by engaging in unfair settlement practices during the handling of the claim. All of Defendants' violations are actionable pursuant to TEX. INS. CODE §541.151.

32. Defendants engaged in the following unfair settlement practices:

    a. Pursuant to TEX. INS. CODE §541.060(a)(l), misrepresenting to Plaintiff material facts or Policy provisions relating to the coverage at issue by indicating that the damage to the Property was not covered under the Policy even though it was reasonably clear that the damage was caused by a covered peril.

    b. Pursuant to TEX. INS. CODE §541.060(a)(2)(A), failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Defendants' liability under the Policy was reasonably clear. Specifically, Defendants failed to make an attempt to settle the Claim fairly despite the fact that Defendants were aware of their liability to Plaintiff under the Policy.

    c. Pursuant to TEX. INS. CODE §541.060(a)(l), failing to promptly provide Plaintiff with a *reasonable* explanation of the basis in the Policy, in relation to the facts or applicable law, for Defendants' denial of the Claim or offer of a compromise settlement of the Claim. Specifically, Defendants failed to offer Plaintiff adequate compensation for damages to the Property without *reasonable* explanation as to why full payment was not being made.

    d. Pursuant to TEX. INS. CODE §541.060(a)(4), failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiff or to submit a reservation of rights. Specifically, Plaintiff did not receive a timely,

        written indication of acceptance or rejection regarding the entire claim.

    e.    Pursuant to TEX. INS. CODE §541.060(a)(7), refusing to pay Plaintiff's Claim without conducting a *reasonable* investigation with respect to the Claim. Defendants' outcome-oriented investigation of the Claim resulted in unfair evaluation of the Damage to Plaintiff's Property.

33.    Each of the foregoing unfair settlement practices was committed with knowledge by Defendants and was a producing cause of Plaintiff's injuries and damages.

34.    Specifically, Defendants violated the Texas Deceptive Trade Practices Act ("DTPA") in the following respects:

    1.    Defendants represented that the agreement confers or involves rights remedies, or obligations which it does not have, or involve, or which are prohibited by law.

    2.    Defendants failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed.

    3.    Defendants, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by §17.50(a)(l)(3) of the DTPA, in that Defendants took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

35.    Defendants knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damage pursuant to the DTPA and TEX. INS. CODE §541.152(a)-(b).

## **MISREPESENTATION OF INSURANCE POLICY VIOLATIONS**

36.    Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

37. Additionally, Defendants made misrepresentations about Plaintiff's insurance Policy and Claim in violation of TEX. INS. CODE §541.061. All of Defendants' violations are actionable pursuant to TEX. INS. CODE §541.151.

38. Defendants engaged in deceptive insurance practices by making an untrue statement of material fact in violation of §541.061(1). Specifically, Defendants misrepresented the true scope and amount of the Claim despite the existence of obvious and easily identifiable property conditions warranting the extension of further coverage under the Policy.

39. Each of the foregoing unfair settlement practices was committed with knowledge by Defendants and was a producing cause of Plaintiff's injuries and damages.

## PROMPT PAYMENT OF CLAIMS VIOLATION

40. Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

41. Plaintiff's Claim is a claim under the insurance Policy issued by Defendants, of which Plaintiff gave Defendants proper notice. As set forth more fully below, Defendants' conduct constitutes a violation of the Texas Prompt Payment of Claims Statute, which is made actionable by TEX. INS. CODE §542.060.

42. Specifically, Defendants violated the Prompt Payment of claims provisions of TEX. INS. CODE §542 by:

    a. Failing to acknowledge receipt of Plaintiff's Claim, commence investigation of the Claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, which constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055;

    b. Failing to notify Plaintiff in writing of their acceptance or rejection of the full and entire Claim within the applicable time constraints provided by TEX. INS. CODE §542.056; and

      c.      Delaying payment of the Claim following Defendants' receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE §542.058. Defendants delayed full payment of the Claim and, to date, Plaintiff still has not receive full payment on the Claim.

## **BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING/BAD FAITH**

43. Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

44. Since Plaintiff initially presented the Claim to Defendants, the liability of Defendants to pay the full Claim in accordance with the terms of the Policy was reasonably clear. The damage to Plaintiff's home was not apparent until after the loss made the basis of Plaintiff's insurance Claim. It is no coincidence that there was no apparent windstorm, rain, and/or hail damage prior to the loss, and significant damage just after. The wind damage to the property was at all times reasonably clear during Defendants' claim investigation, such that any adjuster or insurance carrier acting in good faith would know or should have known to acknowledge and accept coverage for such damages. Instead, Defendants purposely failed to acknowledge and accept full coverage for reasonably clear wind damage. Alternatively, Defendants were grossly negligent in failing to acknowledge and accept full coverage for the reasonably clear wind damages to the property.

45. As a result of Defendants' outcome-oriented investigation, Defendants continues to refuse to pay Plaintiff in full for the Claim.

46. Defendants denied coverage and delayed payment for the full amount of Plaintiff's claim when it had no reasonable basis for doing so. Defendants knew or should have known by the exercise of reasonable diligence that their liability was reasonably clear, and their failure, as set forth above, to adequately and reasonably investigate and evaluate Plaintiff's Claim, constitutes a

breach of the duty of good faith and fair dealing.

47. The Texas Supreme Court has recognized a "duty on the part of insurers to deal fairly and in good faith with their insureds. That duty emanates not from the terms of the insurance contract, but from an obligation imposed in law 'as a result of a special relationship between the parties governed or created by a contract.'" *Viles v. Security Nat. Ins. Co.,* 788 S.W. 2d 566, 567 (Tex. 1990) *(citing Arnold v. National County Mutual Fire Insurance Co.,* 725 S.W. 2d 165 (Tex. 1987))*. Therefore, insured can institute a cause of action against insurers for breach of the duty of good faith and fair dealing.

48. Defendants and Plaintiff are in a special relationship, created by the insurance contract, giving rise to a duty on the part of Defendants to deal fairly and, in good faith with Plaintiff, who is the insured.

49. Defendants breached their duty of good faith and fair dealing by:

 a. Failing to provide a reasonable basis for denial or underpayment of the Claim; and /or,

 b. Failing to determine whether there was a reasonable basis for denial or delay of the Claim.

*Arnold,* 725 **S.W.** 2d at 167.

50. Defendants systematically and routinely denies or underpays valid claims to the detriment of their policyholders. As set forth above, the wrongful acts and omissions Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling of these types of claims.

51. By virtue of their systematic wrongful denials, Defendants compel their policyholders to seek legal representation and initiate and maintain a suit to recover an amount due under the

policy by offering nothing or substantially less than the amount that will be recovered by a suit brought by the insured.

52. Defendants failed to adopt or implement reasonable standards for prompt investigation of claims arising under their policies or is deliberately adopting standards calculated to maximize their profit to the detriment of their policyholders. Defendants are knowingly directing their personnel, agents and/or adjusters to undervalue or underpay valid claims.

53. Defendants knowingly committed the act of denying and/or underpaying claims without a reasonable basis, therefore, Plaintiff is entitled to actual and exemplary damages at law.

## **KNOWLEDGE**

54. Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

55. Each of the acts as set forth in each of the afore-mentioned causes of action, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages described herein.

## **ECONOMIC / ACTUAL DAMAGES**

56. Plaintiff sustained the following economic / actual damages as a result of the actions and/or omissions of Defendants described hereinabove:

  (a) Out-of-pocket expenses;

  (b) Loss of the "benefit of the bargain."

  (c) Diminished or reduced market value.

  (d) Costs of repairs.

  (e) Remedial costs and/or costs of completion.

(f) Reasonable and necessary engineering or consulting fees.

## DAMAGES

57. Plaintiff would show that all the aforementioned causes of action, taken together and singularly, establish the producing causes of the damages sustained by Plaintiff.

58. Plaintiff's damages have yet to be fully addressed or repaired since the incident, causing further damage to the Property and causing undue burden to Plaintiff. Upon trial of this case, it will be shown that these damages are a direct result of Defendants' improperly handling of the Claim in violation if the laws set forth above.

59. For the breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the Claim, together with attorneys' fees.

60. As a result of the noncompliance with the Texas Insurance Code Unfair Settlement Practices provisions, Plaintiff is entitled to actual damages, which includes the loss of the contractual benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorneys' fees. For Defendants' knowing conduct in violating these laws, Plaintiff respectfully requests treble damages pursuant to TEX. INS. CODE §541.152.

61. Pursuant to TEX. INS. CODE §542.060, as a result of the noncompliance with the Texas Insurance Code Prompt Payment of Claims provision, Plaintiff is entitled to the entire amount of the Claim, eighteen (18) percent interest per annum on the amount of the Claim and reasonable and necessary attorneys' fees.

62. For the breach of the common-law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach, exemplary damages and damages for emotional distress.

63. As a result of the necessity in engaging the service of an attorney to prosecute this Claim, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

64. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff is seeking only monetary relief of $75,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees.

## RESERVATION OF APPRAISAL RIGHTS

65. By filing this lawsuit herein, Plaintiff does not waive, and expressly reserves his right under the policy to demand an appraisal for determination of the actual cash value amount of loss and replacement cost value amount of loss with respect to the property damage claim Plaintiff asserts in this lawsuit.

## AFFIRMATIVE DEFENSES

66. **Waiver.** Defendants have waived certain policy conditions, duties imposed on the plaintiff, and terms of coverage of the insurance policy at issue.

67. **Contra Proferuntum.** Defendants' contract is unilateral and in the event of ambiguity must be held against the drafter.

## JURY DEMAND

68. Plaintiff hereby requests that all causes of action alleged herein be tried before a jury, and hereby tender the appropriate jury fee.

## REQUEST FOR DISCLOSURES

69. Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose the information or material described in Rule 194.2, within 50 days of service of these

requests.

70. In addition to the content subject to disclosure under Rule 194.2, Plaintiff requests disclosure of all documents, electronic information, and tangible items that the Defendants have in their possession, custody, or control and may use to support Defendants' claims or defenses.

**NOTICE OF AUTHENTICATION**

71. You are advised that pursuant to Tex. R. Civ. P. 193.7, Plaintiff intends to use all documents exchanged and produced between the parties, including but not limited to correspondence and discovery responses during the trial of the above-entitled and numbered cause.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that upon trial hereof, final judgment be rendered for Plaintiff as follows:

1) Judgment against Defendants for actual damages, including mental anguish, in an amount to be determined by the jury;

2) Statutory penalties;

3) Treble damages;

4) Exemplary and punitive damages;

5) Prejudgment interest as provided by law;

6) Post-judgment interest as provided by law;

7) Attorneys' fees;

8) Costs of this suit; and

9) Such other and further relief to which Plaintiff may be justly entitled.

        Respectfully Submitted,
        SCHNEIDER WALLACE COTTRELL
        KONECKY WOTKYNS LLP

        /s/ Edward Batten
        Edward Batten
        Texas Bar No. 24012252
        3700 Buffalo Speedway #960,
        Houston, Texas 77098
        ebatten@schneiderwallace.com
        Phone: (713) 338-2560
        Fax (866) 505-2560

        ***Attorneys for Plaintiff, Mike Laurence***