United States District Court
Southern District of Texas
**ENTERED**
November 29, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MIKE LAURENCE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-19-4314 |
| | § | |
| LIBERTY INSURANCE CORP. | § | |
| AND STATE FARM LLOYDS, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

This may be among the last of the many first-party property insurance disputes from Hurricane Harvey. The court hopes so. This case presents no factual disputes material to determining that, as a matter of law, there is no liability. Summary judgment is granted, and the claim against State Farm is dismissed. The claim against Liberty Insurance remains. The motions for continuance as to that claim are denied.

The reasons are set out below.

**I.   Background**

When Hurricane Harvey hit southeast Texas in August 2017, Mike Laurence held a homeowner's insurance policy issued by Liberty Insurance Corporation and a contractor insurance policy for his business, Pride Plumbing, Inc., issued by State Farm Lloyds. Laurence's property suffered water damage during the storm. Liability turns on whether that damage was from flood, and therefore excluded, or from water coming in through wind or hail damage to the buildings, and therefore covered. State Farm investigated and concluded that all but a small, within-deductible amount was from flood and did not pay Laurence's claim. This lawsuit followed.

Laurence asserts claims for breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code. He alleges that water from wind and hail damaged his property; that the defendants conducted claim inadequate investigations and undervalued the damage, requiring him to hire an inspector; and failed to fully pay the covered policy amounts of over $75,000. (Docket Entry No. 1-1 at 2–5, 12).

## II. The Summary Judgment Standard and Evidence

### A. The Legal Standard

"Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Shepherd ex rel. Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 282–83 (5th Cir. 2019) (quoting Fed. R. Civ. P. 56(a)). "A material fact is one that might affect the outcome of the suit under governing law," and "a fact issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 610 (5th Cir. 2018) (quotations omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying the record evidence "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating'" that "there is an issue of material fact warranting trial.'" *Kim v. Hospira, Inc.*, 709 F. App'x 287, 288 (5th Cir. 2018) (quoting *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)). The moving party must demonstrate the absence of a genuine issue of material fact, but it need not need to negate the elements of the nonmovant's case. *Austin v. Kroger Tex., LP*,

864 F.3d 326, 335 (5th Cir. 2017). "If the moving party fails to meet [its] initial burden, [the summary judgment motion] must be denied, regardless of the nonmovant's response." *Pioneer Expl., LLC v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001)).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014). "A party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Lamb v. Ashford Place Apartments LLC*, 914 F.3d 940, 946 (5th Cir. 2019). In deciding a summary judgment motion, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his or her favor." *Waste Mgmt. of La., LLC v. River Birch, Inc.*, 920 F.3d 958, 972 (5th Cir. 2019) (alterations omitted) (quoting *Tolan v. Cotton*, 572 U.S. 650, 656 (2014)). When the facts are undisputed, the court "need only decide whether those undisputed facts are material and entitle the movant to judgment as a matter of law." *Flowers v. Deutsche Bank Nat. Tr. Co.*, 614 F. App'x 214, 215 (5th Cir. 2015).

### B.   The Record Evidence

State Farm submitted the following summary judgment evidence:

- the State Farm insurance policy with the business records affidavit, (Docket Entry No. 38-1);

- the unsworn declaration of claim team manager Kevin Brotherton with claim file notes and October 8, 2017 State Farm Letter, (Docket Entry No. 38-2);

3

- the deposition of Mike Laurence, (Docket Entry No. 38-3); and

- the unsworn declaration of Jarrod Burns with Jarrod Burns's curriculum vitae, (Docket Entry No. 38-4).

Laurence submitted the following summary judgment evidence:

- the State Farm insurance policy with a business records affidavit, (Docket Entry No. 41-1);

- the unsworn declaration of claim team manager Kevin Brotherton, with claim file notes and the October 8, 2017, State Farm letter, (Docket Entry No. 41-2); and

- the deposition of Mike Laurence, (Docket Entry No. 41-3).

### III. Analysis

To show breach of contract, Laurence must show: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg & Supply Co. v. Kalama Int'l, LLC*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). "Under Texas law, the insured bears the burden of establishing coverage under the policy." *Covington Specialty Ins. Co. v. USAI LP*, No. 21-10010, 2021 WL 4901485, at *1 (5th Cir. Oct. 20, 2021) (citing *JAW The Pointe, L.L.C. v. Lexington Ins.*, 460 S.W.3d 597, 603 (Tex. 2015)). "If the insured carries its burden, the insurer must 'plead and prove' that the insured's loss falls within an exclusion to coverage. If the insurer succeeds, the pendulum swings and the insured must show that there is an applicable exception to the exclusion that renews coverage." *Id.* (citing *JAW The Pointe,* 460 S.W.3d at 603).

State Farm argues that Laurence cannot show that he was covered by the policy. In August 2017, the property included Laurence's home, Pride Plumbing's office, and two sheds. Pride Plumbing did not own or lease any of the buildings on the property. Laurence testified in his deposition that the only damage to his property not caused by flood water was to: (1) three buildings, from fallen tree limbs; (2) one miter saw; (3) one regular long saw; (4) two sanders; (5) camera equipment; and (6) back flow preventative gauges. (Docket Entry No. 38-3 at 9).

State Farm argues that it is entitled to summary judgment because the policy does not cover damage to buildings, but only business personal property, and the evidence shows no damage over $1,000 from wind- or hail-driven, as opposed to flood, water. In support of the argument that the business personal property—other than the computer equipment that State Farm already paid for—was damaged by flood water, State Farm cites the declaration of its retained engineer, Jarrod Burns. (Docket Entry 38 at 7–10). Burns stated that inspection showed "no conditions consistent with the effects of wind," and "revealed flood debris lines that were approximately seven (7) feet above the finished floor on the kitchen cabinets in both the residence ground level and the small house." (Docket Entry No. 38 at 7 (citing Docket Entry No. 38-4 at 2–5). State Farm also submitted photographs showing the height of the floodwater outside the property, the water lines on the kitchen cabinets in the residence and small house, water markings on "boxes on the top shelf of the warehouse building," and a damaged metal roof that was allegedly caused by a tree removed before the hurricane. (Docket Entry No. 38 at 8–10).

Laurence does not respond to, and must concede, that the State Farm policy does not cover the buildings. Laurence argues that factual disputes material to "whether the damage to [his] business personal property resulted from flood and surface waters or from water that entered through storm-created openings" preclude summary judgment. (Docket Entry No. 41 at 2). He

argues that "State Farm fails to produce any evidence, much less summary judgment evidence, to support [its] valuation[,] and Plaintiff disputes this baseless valuation and has offered testimonial evidence in opposition to it." (Docket Entry No. 41 at 4).

The record does not support Laurence's arguments. Instead, the record presents undisputed facts showing that there was no covered unpaid damage caused by wind- or hail-driven water, as opposed to flood water. While Laurence argues that he submitted "testimonial evidence" in support of his valuation, he does not point to any evidence in the record that shows a valuation of his property. Federal Rule of Civil Procedure 56(c) requires any "party asserting that a fact cannot be or is genuinely disputed" to support that assertion by "citing to particular parts of materials in the record[.]" "[C]onclusory or unsubstantiated allegations alone are insufficient to defeat summary judgment." *Sexton-Walker v. Allstate Ins. Co.*, 483 F. App'x 915, 916 (5th Cir. 2012) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994)). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co. of Conn.,* 465 F.3d 156, 164 (5th Cir.2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998)). Laurence has not pointed to any evidence in the record to show that his business personal property not damaged by flood water exceeds the deductible of $1,000.

State Farm argues that Laurence's remaining claims under the Texas Insurance Code and for breach of the duty of good faith and fair dealing fail because he has not shown a loss of benefits under the policy or an actionable violation of the Texas Insurance Code. Laurence did not respond to this argument.

6

The general rule is that an insured cannot recover policy benefits as actual damages for an insurer's statutory violation if the insured has no right to those benefits under the policy." *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 495 (Tex. 2018). An insured may recover for statutory violations if he establishes an injury independent of a right to benefits. *See id.* at 500. Laurence has not argued that an exception to this rule applies. *See id.* at 495–500. Similarly, "a claim for breach of the implied covenant of good faith and fair dealing cannot exist absent a breach of contract." *Martin Res. Mgmt. Corp. v. Fed. Ins. Co.*, No. 20-40571, 2021 WL 4269565, at *6 (5th Cir. Sept. 20, 2021). "The standard for common law breach of the duty of good faith and fair dealing is the same as that for statutory [claims under the Texas Insurance Code]." *Id.* (citations omitted). Laurence has not argued that he has an injury independent from his right to benefits and he has not shown that he is entitled to benefits.

Summary judgment is proper on the Texas Insurance Code and breach of the duty of good faith and fair dealing claims against State Farm.

**IV.   Conclusion**

State Farm's motion for summary judgment, (Docket Entry No. 38), is granted and Laurence's claims against State Farm are dismissed with prejudice. Liberty Insurance's motions to continue the trial, (Docket Entry Nos. 45, 46), are denied.

SIGNED on November 29, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge